Wyckoff *v.* Farlee.

JOHN V. WYCKOFF, appellant, v. ISAAC G. FARLEE, appellee.

The party, who, upon the ground of the breach of an agreement, would entitle himself to the special interference of this court, by way of mandamus, ought to make out a clear and indisputable case in point of fact.

A rule to shew cause, why a mandamus should not issue to the Hunterdon Pleas to restore this appeal, was granted at a previous term of this court; and now at this term the opinion of the court was delivered by the Chief Justice.

HORNBLOWER, C. J.   Upon looking into the papers in this case, which has been submitted to the court, without argument, it appears, that at a special court for the trial of appeals, held in March, 1832, the court dismissed the appeal, after hearing the argument of counsel on both sides, for *some* defect in the transcript; we are not informed what that defect was, and therefore, even if it was competent for this court to re-examine the question on this rule to shew cause, we can form no opinion on the subject.

But from the affidavits which have been taken and handed up with the papers, it is probable, that the ground relied upon, for restoring the appeal, is, that it was called up and dismissed by the appellee at the special March term, contrary to an agreement between the counsel for the parties, made at the preceding February term.   In the first place, no such objection appears to have been urged at the time the appeal was dismissed—nor secondly, does it appear that any application was ever made to the court below to restore the appeal, upon the ground of such agreement.

But upon looking into the affidavits, there appears to be a discrepancy between the statement of the parties, as to the terms of the agreement—one insisting the appeal was to go off until the May term, and the other, that it was to go off indefinitely. The party, who upon such ground would entitle himself to the special interference of this court by way of mandamus, ought to make out a clear and indisputable case, in point of fact.   Besides it appears, that the appellant had subpœnaed his only witness, and that he and his witness were both present in court, which does not look as if he understood the cause was to go off till the May term.

Let the rule to shew cause be discharged.